```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF VIRGINIA

              Alexandria Division


VICTORIA JOHNSON,              )
                               )
     Plaintiff,                )
                               )
          v.                   )
                               )     1:10cv1018
COUNTRYWIDE HOME LOANS, INC.,  )
ET AL.,                        )
                               )
     Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Professional Foreclosure Corporation of Virginia's ("Defendant" or "PFC") Motion to Dismiss ("MTD"). For the following reasons, the Court will grant dismissal in favor of Defendant.

### I. Background

Plaintiff is suing Defendants for alleged violations of the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601; the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605(e); Regulation X at 24 C.F.R. § 3500, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692(c), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(a). Plaintiff is seeking to prevent Defendant PFC from proceeding with foreclosure proceedings against her residence.

1

According to the Complaint [Dkt. 1] ("Compl."), Plaintiff resides in a garden-style condominium unit at 1580 Spring Gate Drive, Unit Number 4213, McLean, Virginia (the "Condominium"), which is part of the condominium project known as "The Gates of McLean." (Compl. ¶¶ 1, 5.) Defendant Countrywide Home Loans, Inc. ("Countrywide"), was a corporation based in New York and is now known as BAC Home Loans Servicing, L.P., and is based in Virginia. (Compl. ¶ 2; MTD at 4 n.2.) Defendant PFC is a Virginia Corporation acting in its capacity as Substitute Trustee to conduct the sale of Plaintiff's residence. (Compl. ¶ 2.)

On June 18, 2003, Plaintiff signed a Promissory Note and Deed of Trust with Defendant Countrywide for the amount of $267,619 for the purchase of the Condominium. (Compl. ¶ 3.) At some point, Plaintiff received notice that she was in default of her mortgage note and that Defendants would attempt to sell her property at a public auction on September 24, 2010. (Compl. ¶ 6.)

Plaintiff filed the instant lawsuit on September 10, 2010, raising several objections to Defendant PFC's authority to sell the Condominium. [Dkt. 1.] PFC moved to dismiss the Complaint on November 3, 2010. [Dkts. 6 & 7.] Plaintiff filed a brief in opposition to the Motion to Dismiss on November 23,

2010 ("Opp."). [Dkt. 9.] PFC's Motion to Dismiss is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a

3

court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

In her Complaint, Plaintiff raises a number of arguments against PFC's authority to sell her condominium. She appears to argue the following:

First, that PFC "is not the lawful owner and holder in due course of the original promissory note and deed of trust," and therefore lacks the authority to sell the Condominium, because the Fairfax County Deed Book does not list PFC as Countrywide's assignee. (Compl. ¶¶ 7, 10.)

4

Second, that PFC lacks the authority to conduct the foreclosure sale because it did not physically possess the note and deed of trust when Plaintiff was notified of the impending sale. (Compl. ¶ 8.)

Third, that the notice she received of the impending foreclosure sale "deprived her of her right to cure [her] default based on violation of the attorney fee limits and the total finance charge exceeding the permissible statutory limit of more than $35" as provided by TILA. (Compl. ¶ 9.)

And fourth, in her prayer for relief, Plaintiff sought a "Temporary Restraining Order/Injunction . . . to keep her in her home until this litigation is resolved," as well as damages. (Compl. at 3-4.)

In its Motion to Dismiss, PFC argues that Plaintiff failed to give notice before commencing judicial action, in violation of the Deed of Trust. (MTD at 4.) PFC argues that Plaintiff is barred from this lawsuit because Plaintiff did not comply with a notice provision in the Deed of Trust. That provision states:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument . . . until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after

5

>           the giving of such notice to take corrective
>           action.

(Opp. at 4, Ex. B (Deed of Trust), § 20.)

It is identical to a provision at issue in *Gerber v. First Horizon Home Loans Corp.*, No. 05-1554P, 2006 WL 581082 (W.D. Wash. Mar. 8, 2006).  In that case, the Plaintiff sued his mortgage lender regarding a $15 "priority fee" charged as part of his mortgage "payoff statement."  *Id.* at *1.  He brought three claims: breach of contract, violation of the Washington Consumer Protection Act, and unjust enrichment.  *Id.*  Because he failed to provide notice before filing suit, he was foreclosed from bringing the breach of contract claim, but he was not foreclosed from his other claims, because those claims involved allegations of deceptive business practices that existed independently of the contract between the parties. *Id.* at *2-3.

Here, however, *all* of Plaintiff's allegations arise from actions taken pursuant to the Deed of Trust.  Therefore, because Plaintiff did not provide notice in accordance with the Deed of Trust, this Court will grant dismissal.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Motion for Dismissal.

|  |  |
|---|---|
| December 10, 2010<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |